UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UMG RECORDINGS, INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; WARNER BROS. RECORDS INC., a Delaware corporation; ARISTA RECORDS LLC, a Delaware limited liability company; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; PRIORITY RECORDS LLC, a California limited liability company; MOTOWN RECORD COMPANY, L.P., a California limited partnership; ATLANTIC RECORDING CORPORATION, a Delaware corporation; BMG MUSIC, a New York general partnership; INTERSCOPE RECORDS, a California general partnership; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; and CAPITOL RECORDS, INC., a Delaware corporation,

   Plaintiffs,

-against-

DOES 1 - 13,

   Defendants.

Civil Action No.: 07 CV 3492

**STATUS REPORT**

```
USDJ SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/13/07
```

## STATUS REPORT

Plaintiffs, through their undersigned counsel, respectfully submit the following Status Report:

1. Pursuant to this Court's May 14, 2007 Order granting Plaintiffs' *Ex Parte* Application For Leave To Take Immediate Discovery, on May 24, 2007, Plaintiffs served the Defendants' Internet Service Provider, Columbia University (the "University"), with a subpoena seeking identifying information for each of the Doe defendants in this case.

2. On September 24, 2007, Plaintiffs received a subpoena response from the University.

NEWY1-635359-1

3.   In its response to the subpoena, the University was able to identify only one of the 13 Doe defendants in this case, claiming that the University did not have any information regarding the remaining 12 Internet Protocol ("IP") addresses listed in the subpoena.

4.   Because Plaintiffs cannot determine the identity of the Defendant in this case without first obtaining the information requested in the subpoena, Plaintiffs will not be able to pursue their claims against 12 of the 13 Doe defendants in this case unless the University is able to provide additional information in response to the subpoena.

5.   Accordingly, beginning shortly after Plaintiffs' received the University's subpoena response, Plaintiffs' counsel contacted the University in an attempt to determine whether the University has additional information sufficient to identify the Doe defendants in this case.

6.   As a result of those discussions, Plaintiffs believe that the University may have additional information sufficient to identify the specific users associated with the 12 remaining IP addresses at the date and time of infringement alleged in Plaintiffs' Complaint.

7.   Plaintiffs are in the process of attempting to confer with the University in an effort to determine whether the University has in its possession additional information sufficient to identify the Doe defendants in this case. Plaintiffs have left several messages for the University and spoken with the University on several occasions, but so far have been unable to reach the necessary members of the University's legal and IT departments on the phone all at the same time.

8.   Plaintiffs will continue their efforts to confer with the University and believe they will be able to determine whether the University has additional information responsive to the subpoena within the next two weeks.

#1289410 v1

9.  Once Plaintiffs determine whether the University has additional responsive information, Plaintiffs will dismiss this case.

Dated: New York, New York  
       November 8, 2007

Respectfully Submitted,

By:  
_____  
Brian E. Moran (BM-8573)  
Richard J. Guida (RG-5147)  
Robinson & Cole LLP  
885 Third Avenue, Suite 2800  
New York, NY 10022-4834  
Telephone: (212) 451-2900  
Fax: (212) 451-2999

*The status conference is rescheduled for December 5, 2007 @ 10:30 AM.*

[signature]